WILLIAM G. McILVAIN, PLAINTIFF-APPELLANT, v. MOUNT HOLLY NATIONAL BANK, DEFENDANT-RESPONDENT.

Submitted March 13, 1925—Decided August 3, 1925.

**Appeals—Alleged Error of Court in Its View of Law as Applied to the Facts as Expressed in an Opinion on Rule to Show Cause Why New Trial Should Not Be Granted—Alleged Error in Granting New Trial—Neither Subject Ground to Review—Case Relates to Sale of Automobiles.**

On appeal from the Burlington County Common Pleas Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Kelsey & Killie.*

For the respondent, *George M. Hillman.*

PER CURIAM.

This is an appeal by the plaintiff below from a ruling of the Burlington County Court of Common Pleas, and the notice of appeal contains the following:

"Please take notice, that the plaintiff appeals from part one of the decision of Hon. William A. Slaughter, judge of said Common Pleas Court, as contained in his written opinion in said cause, bearing date December 30th, 1924, and filed in said court, as to 'validity of the sale of two automobiles,' to the New Jersey Supreme Court.

REASONS.

1. The appeal of the plaintiff is taken because the court erred in holding that the verdict of the jury should be set aside and a new trial granted for the reason that the jury disregarded that part of the charge of the court which stated: 'Plaintiff acquired no title to any automobile by virtue of

the bill of sale, since it was not in accordance with the requirements of the statute [chapter 168, *Pamph. L.* 1919, *p.* 352], and, hence, plaintiff cannot recover for the proceeds of any automobile sold by the sheriff, whether such automobile be included in the plaintiff's bill of sale or not.'

Respectfully submitted,

H. S. KILLIE,
*Attorney of Plaintiff.*"

No other pleadings are filed in this court, and, from the notice and the further facts appearing in the state of the case, it is apparent that there is nothing before us that we can review.

The precise question the appellant seeks to raise is as to the validity of the title to two automobiles which were the subject in part of litigation in the trial before the court and a jury, but no part of the evidence, no ruling of the judge, no exception to the charge is set forth upon which to ask a reversal of the judgment. On the contrary, the appellant contends, as appears from the reasons contained in his notice of appeal and from the argument in his brief, that the court erred in its view of the law applicable to the facts as expressed in an opinion filed on a rule to show cause why a new trial should not be granted. Also, that the court erred in granting a new trial.

Neither of these grounds are the subject of review. The action of the court in granting or refusing a new trial cannot be brought before the court on appeal. *Gaffney* v. *Illingsworth*, 90 *N. J. L.* 490. Much less it would seem could the views expressed in an opinion dealing with a rule for a new trial be made the subject on appeal.

The appeal will be dismissed.